UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
TIMOTHY P. PENDERGAST,                    Chapter 7
          DEBTOR.                          Case No. 12-14455-WCH
_____

TIMOTHY P. PENDERGAST,
          PLAINTIFF,
                                           Adversary Proceeding
v.                                         No. 12-1215

MASSACHUSETTS DEPARTMENT
OF REVENUE,
          DEFENDANT.
_____


**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

The matter before the Court is the "Massachusetts Department of Revenue's Motion for Summary Judgment" (the "Motion for Summary Judgment") filed by the defendant the Massachusetts Department of Revenue (the "MDOR") and the "Opposition to Motion for Summary Judgment filed Massachusetts Department of Revenue" (the "Opposition") filed by the plaintiff Timothy P. Pendergast (the "Debtor"). The Debtor filed this adversary proceeding seeking a determination that certain income taxes are dischargeable, while the MDOR filed counterclaims asserting that the taxes in question are excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(1)(B)(i) and/or (C). The MDOR now seeks summary judgment with respect to the first counterclaim, which the Debtor opposes. For the reasons set forth below, I will grant the Motion for Summary Judgment.

1

## II. BACKGROUND

The facts necessary to decide this matter are not in dispute. On October 5, 2009, the Debtor filed his Massachusetts income tax returns for each of the tax years 2001 through 2005, as well as 2007 (the "Periods at Issue"). All returns for the Periods at Issue were overdue. Moreover, with respect to the tax years 2002 through 2005, the Debtor filed his returns after the MDOR had already completed its tax assessment.[1]

The Debtor filed a voluntary Chapter 7 petition on May 22, 2012. On "Schedule F – Creditors Holding Unsecured Nonpriority Claims," ("Schedule F"), the Debtor listed outstanding Massachusetts income taxes for the Periods at Issue totaling $22,321.76. As of October 12, 2012, the undisputed amount of the Debtor's outstanding tax liability for the Periods at Issue was $30,131.15. On August 21, 2012, the Debtor received a discharge.

On August 24, 2012, only three days after the discharge entered, the Debtor commenced the present adversary proceeding seeking a determination that the income tax debt for the Periods at Issue was discharged. On September 21, 2012, the MDOR filed an answer denying the allegations of the Debtor's complaint and asserting counterclaims that the taxes in question are excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(1)(B)(i) and/or (C). On October 15, 2012, the Debtor filed an answer denying the allegations of the counterclaims.

The MDOR filed the Motion for Summary Judgment on February 22, 2013. On April 2, 2013, the Debtor filed the Opposition. I heard the Motion for Summary Judgment on April 5, 2013, and, after the conclusion of oral arguments, took the matter under advisement. On April

---

[1] The Debtor disputes this fact in the Opposition, but the exhibits attached to the Motion for Summary Judgment clearly reflect that the Debtor was assessed a tax for the years 2002 through 2005 prior to October 5, 2009. *See* Exhibit 12, Docket No. 17-3. In any event, whether the assessments occurred prior to the filing of the returns is not germane to my ruling.

2

18, 2013, the MDOR filed a supplemental memorandum in further support of the Motion for Summary Judgment.

### III. POSITIONS OF THE PARTIES

    A. The MDOR

The MDOR argues that the definition of "return" provided in the "hanging paragraph" of 11 U.S.C. § 523(a) requires that a purported return "satisf[y] the requirements of applicable nonbankruptcy law (including applicable filing requirements)."[2] The MDOR contends that the parenthetical phrase "including applicable filing requirements" includes the requirement that income tax returns be filed timely. Because they were not, the MDOR concludes that the Debtor's late-filed returns do not qualify as "returns" under 11 U.S.C. § 523, and therefore, no returns were filed for the Periods at Issue, rendering the taxes in question excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(B)(i).

In support of this construction of the statute, the MDOR relies on a plethora of cases that have held a late-filed return can never qualify as a "return" for purposes of 11 U.S.C. § 523(a).[3] Moreover, the MDOR argues that the few cases which hold that "applicable filing requirements" must refer to something other than timeliness are not well-reasoned as they fail to give effect to the parenthetical phrase. Indeed, the MDOR contends that the plain meaning of "applicable filing requirements" must reference Massachusetts statute's command that "returns shall be

---

[2] 11 U.S.C. § 523(a).

[3] *See, e.g.*, *McCoy v. Mississippi Tax Comm'n (In re McCoy)*, 666 F.3d 924 (5th Cir. 2012); *Shinn v. Internal Revenue Service (In re Shinn)*, No. 10–8139, 2012 WL 986752 (Bankr. C.D. Ill. Mar. 22, 2012); *Hernandez v. United States of America (In re Hernandez)*, No. 11–5126, 2012 WL 78668 (Bankr. W.D. Tex. Jan. 11, 2012); *Cannon v. United States of America (In re Cannon)*, 451 B.R. 204 (Bankr. N.D. Ga. 2011); *Links v. United States of America (In re Links)*, No. 08–3178, 2009 WL 2966162 (Bankr. N.D. Ohio Aug. 21, 2009); *Creekmore v. Internal Revenue Service (In re Creekmore)*, 401 B.R. 748 (Bankr. N.D. Miss. 2008); s*ee also Wogoman v. Internal Revenue Service (In re Wogoman)*, 475 B.R. 239 (B.A.P. 10th Cir. 2012) (affirming the bankruptcy court's determination that the debtor's tax liability was nondischargeable under any test); *Mallo v. Internal Revenue Service (In re Mallo)*, No. 10-12979, 2013 WL 49774 (Bankr. D. Colo. Jan. 3, 2013) (*following In re Wogoman*).

made on or before the fifteenth day of the fourth month."[4] In particular, the MDOR asserts that Judge Hoffman of this district erred in his recent decision in *In re Brown/Gonzalez*[5] by concluding that the statute was ambiguous due to the absence of legislative history. Specifically, the MDOR argues that *In re Brown/Gonzalez* did not recognize the difference between the Massachusetts and Federal statutory provisions governing the preparation and filing of tax returns, thus creating the very ambiguity at issue. The MDOR further contends that the purported clash between 11 U.S.C. § 523(a)(1)(B)(i), which applies when no returns are filed, and 11 U.S.C. § 523(a)(1)(B)(ii), which applies to certain late-filed returns, is nonexistent because the hanging paragraph expressly defines certain late-filed federal returns that nonetheless qualify as "returns" within the meaning of 11 U.S.C. § 523(a).

Alternatively, the MDOR asserts that even if I were to follow *In re Brown/Gonzalez*, a majority of courts have held that post-assessment tax returns do not qualify as "returns" for purposes of 11 U.S.C. § 523(a).

B. The Debtor

The Debtor argues that I should adopt Judge Hoffman's reasoning in *In re Brown/Gonzalez*. Relying on that case, he states that a late filed return still serves as a formal assessment pursuant to Mass. Gen. Laws ch. 62C, § 26(a).[6] The Debtor further asserts that under the MDOR's view, 11 U.S.C. § 523(a)(1)(B)(ii) would only apply to the miniscule instances when the Internal Revenue Service (the "IRS") prepares returns pursuant to 26 U.S.C. § 6020(a), thus rendering the provision meaningless.

---

[4] Mass. Gen. Laws ch. 62(c), § 6(c).

[5] *Brown v. Massachusetts Department of Revenue (In re Brown)/Gonzalez v. Massachusetts Department of Revenue (In re Gonzalez)*, 489 B.R. 1 (Bankr. D. Mass. 2013).

[6] *In re Brown/Gonzalez*, 489 B.R. at 6.

## IV. DISCUSSION

A. The Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] "A 'genuine' issue is one supported by such evidence that 'a reasonable jury, drawing favorable inferences,' could resolve it in favor of the nonmoving party."[8] Material facts are those having the potential to affect the outcome of the suit under the applicable law.[9] In the present case, the material facts are undisputed and the Motion for Summary Judgment rests on a purely legal question.

B. Nondischargeability of Taxes under Section 523(a)(1)(B)

Section 523(a)(1)(B) of the Bankruptcy Code provides in relevant part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
    (1) for a tax or a customs duty—

* * *

> (B) with respect to which a return, or equivalent report or notice, if required—
>     (i) was not filed or given; or
>     (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition . . .[10]

---

[7] Fed. R. Civ. P. 56(a) made applicable in adversary proceedings by Fed. R. Bankr. P. 7056.

[8] *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d. 1, 2 (1st Cir. 1999) (*quoting Smith v. F.W. Morse & Co., Inc.*, 76 F.3d 413, 427 (1st Cir. 1996)).

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 314-315 (1st Cir. 1995); *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993).

[10] 11 U.S.C. § 523(a)(1)(B).

5

Put simply, subsection (i) of 11 U.S.C. § 523(a)(1)(B) renders tax liabilities nondischargeable where the debtor fails to file a return, while subsection (ii) makes tax liabilities nondischargeable where the debtor files a return untimely and later than a date that is two years prior to the bankruptcy petition.[11] Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005[12] ("BAPCPA"), however, the Bankruptcy Code did not define the term "return." Therefore, most courts applied a four factor test articulated by the United States Tax Court in *Beard v. Comm'r*.[13]

In 2005, BAPCPA amended 11 U.S.C. § 523(a) by adding an unnumbered "hanging paragraph" that defines the term "return" for purposes of that subsection. It states:

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.[14]

Section 6020(a) of the Internal Revenue Code applies to situations where the IRS prepares a tax return on behalf of a taxpayer who fails to file one, but nevertheless discloses all information

---

[11] *Id.*

[12] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Title III, § 302, 119 Stat. 23 (2005).

[13] *Beard v. Comm'r*, 82 T.C. 766 (1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986). The *Beard* test, which was derived from two decisions of the Supreme Court of the United States, *see Germantown Trust Co. v. Comm'r*, 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940) and *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 55 S.Ct. 127, 79 L.Ed. 264 (1934), explains that in order for a document to qualify as a return: "(1) it must purport to be a return; (2) it must be executed under penalty of perjury; (3) it must contain sufficient data to allow calculation of tax; and (4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law." *United States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029, 1033 (6th Cir. 1999) (internal quotation marks omitted).

[14] 11 U.S.C. § 523(a)(*).

necessary to prepare the return.[15]  In contrast, 26 U.S.C. § 6020(b) applies to returns filed by the IRS without the cooperation of the taxpayer.[16]

The first part of the first sentence of the hanging paragraph is easy enough—a "return" for purposes of 11 U.S.C. § 523(a) is defined by reference to nonbankruptcy law.  In this case, the applicable nonbankruptcy law is Massachusetts state law.  The present dispute arises from the meaning of the parenthetical phrase "including applicable filing requirements."[17]

Under Mass. Gen. Laws ch. 62C, § 6,

> [e]very individual inhabitant of the commonwealth who receives or accrues during the taxable year Massachusetts gross income, as defined in section two of chapter sixty-two, in excess of eight thousand dollars shall make a return of such income. . . .[18]

Section 6(c) of Chapter 62C further requires that "[e]xcept as otherwise provided, returns under this section *shall be made* on or before the fifteenth day of the fourth month following the close

---

[15] Section 6020(a) of the Internal Revenue Code provides:

**Preparation of return by Secretary**.  If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.

11 U.S.C. § 6020(a).

[16] Section 6020(b) of the Internal Revenue Code provides in relevant part:

(b) **Execution of return by Secretary**.--
(1) **Authority of Secretary to execute return**.--If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise. . . .

26 U.S.C. § 6020(b).

[17] *Id.*

[18] Mass. Gen. Laws ch. 62C, § 6(a).

of each taxable year," typically April 15th.[19] Because a late-filed return inherently does not comply with Mass. Gen. Laws ch. 62C, § 6(c), the MDOR posits that the Debtor has not satisfied the "applicable filing requirements" of the "applicable nonbankruptcy law."[20]

To determine the meaning statutory provisions, the Supreme Court has repeatedly explained that

> when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.[21]

I do not start "from the premise that this language is imprecise," but instead must "assume that . . . Congress said what it meant."[22] Moreover, "[i]t is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'"[23]

At the risk of sounding overly simplistic, the filing deadline contained in Mass. Gen. Laws ch. 62C, § 6(c) would seem to be exactly the type of "filing requirements" to which the parenthetical phrase applies. The "filing requirements," to the extent that such term was separately emphasized in the parenthetical phrase, is clearly distinct from the issue of whether

---

[19] Mass. Gen. Laws ch. 62C, § 6(c) (emphasis added). Mass. Gen. Laws ch. 30, § 24 authorizes an act required to be performed on a Saturday, Sunday, or legal holiday to be performed on the next succeeding business day. Additionally, pursuant to Mass. Gen. Laws ch. 62C, § 19, the commissioner may under certain circumstances grant a reasonable extension of time for filing any return.

[20] 11 U.S.C. § 523(a)(*).

[21] *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6, 120 S. Ct. 1942, 147 L. Ed. 2d 1 (2000) (internal quotation marks omitted). *See Sebelius v. Cloer*, 12-236, 2013 WL 2149791 (U.S. May 20, 2013); *Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S. Ct. 1351, 1390, 185 L. Ed. 2d 392 (2013); *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S. Ct. 1023, 1030, 157 L. Ed. 2d 1024 (2004); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S. Ct. 1026, 103 L. Ed. 2d 290 (1989); *Caminetti v. United States*, 242 U.S. 470, 485, 37 S. Ct. 192, 61 L. Ed. 442 (1917).

[22] *United States v. LaBonte*, 520 U.S. 751, 757, 117 S. Ct. 1673, 1677, 137 L. Ed. 2d 1001 (1997).

[23] *TRW Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441, 448, 151 L. Ed. 2d 339 (2001).

the attributes of any particular form qualify as a "return" under state or federal law.[24] The vast majority of courts agree.[25] While I recognize that there is something unsavory about saying that a "late-filed return" is not a "return" under 11 U.S.C. § 523(a) by virtue of its tardiness, I cannot characterize this result as absurd.[26]

Admittedly, other courts within this district have concluded that this reading "does too much violence to the statute."[27] In *In re Brown/Gonzalez*, Judge Hoffman, relying on *In re Martin*,[28] reasoned that if all Massachusetts late-filed returns are not "returns" for purposes of this section, 11 U.S.C. § 523(a)(1)(B)(ii), which only applies to untimely returns, would be rendered "virtually meaningless" and "a nullity" because the number of returns filed pursuant to

---

[24] *See In re McCoy*, 666 F.3d at 930.

[25] *See In re McCoy*, 666 F.3d at 929; *In re Shinn*, 2012 WL 986752, at *6; *In re Hernandez*, 2012 WL 78668, at *3; *In re Cannon*, 451 B.R. at 206; *Pansier v. Wisc. Dep't of Revenue*, No. 10–C–0550, 2010 WL 4025884, at *5 (E.D. Wis. Oct. 14, 2010); *In re Links*, 2009 WL 2966162, at *5; *In re Creekmore*, 401 B.R. at 752.

[26] This disquiet is exemplified by the MDOR's supplemental brief:

> In the following summary and at other places in this memorandum MDOR will refer to the documents filed by the debtors as "returns." This terminology is adopted for convenience, and should not obscure MDOR's argument that these documents do not qualify as income tax returns for the purposes of 11 U.S.C.§ 523.

Supplemental Memorandum in Support of Massachusetts Department of Revenue's Motions for Summary Judgment, Docket No. 27 at 3 n.1. Ultimately, the definition of "return" in 11 U.S.C. § 523(a) is simply a construct based on state law requirements and therefore, as noted by the United States Court of Appeals for the Seventh Circuit, "[i]t would not be surprising for the same word to bear two meanings in different contexts." *Indianapolis Life Ins. Co. v. United States*, 115 F.3d 430, 435 (7th Cir.1997). To be sure, however, the results generated by this statute have never been completely satisfying. For example, even under the *Beard* test, a number of appellate courts have held that a post-assessment return, even if filed more than two years prior to the bankruptcy, was not a "return" for purposes of 11 U.S.C. § 523(a)(1)(B). *In re Payne*, 431 F.3d 1055 (7th Cir. 2005); *Moroney v. United States (In re Moroney)*, 352 F.3d 902 (4th Cir. 2004); *United States v. Hatton (In re Hatton)*, 220 F.3d 1057 (9th Cir. 2000); *In re Hindenlang)*, 164 F.3d at 1035; *In re Wogoman*, 475 B.R. at 246 . As aptly put by the Seventh Circuit, "[t]he legal test is not whether the filing of a purported return has some utility for the tax authorities. . ." *In re Payne*, 431 F.3d at 1058. *But see In re Brown/Gonzalez*, 489 B.R. at 6 (finding that a late-filed Massachusetts income tax return serves as a formal assessment of the tax in the amount set forth therein).

[27] *In re Brown/Gonzalez*, 489 B.R. at 5.

[28] *Martin v. United States of America (In re Martin)*, 482 B.R. 635, 639 (Bankr. D. Colo. 2012).

9

…
…
…

26 U.S.C. § 6020(a) are minute and not within a debtor's control.[29] Judge Hoffman also found that "if all late-filed returns except § 6020(a) returns are not returns[,] there is no need to state that § 6020(b) returns are not returns," rendering the reference to 26 U.S.C. § 6020(b) superfluous.[30] In closing, he noted that in the absence of legislative history to shed light on the Congressional intent behind the hanging paragraph, he was reluctant to interpret it to effectuate a major change in pre-BAPCPA practice.[31] Judge Boroff subsequently adopted Judge Hoffman's reasoning in its entirety and without discussion in *In re Perkins*.[32]

Unfortunately, I must respectfully disagree with my colleagues. The fact that 11 U.S.C. § 523(a)(1)(B)(ii) applies to only a small number of cases does not render it a nullity. So long as there is at least one situation where an untimely return is still considered a "return" for purposes of 11 U.S.C. § 523(a), 11 U.S.C. § 523(a)(1)(B)(ii) will apply and have meaning.[33] I am also unpersuaded that the reference to 26 U.S.C. § 6020(b) is superfluous under this construction. As elucidated by the United State Court of Appeals for the Fifth Circuit in *In re McCoy*, the reference "simply explains that returns filed pursuant to § 6020(a) do qualify as returns for discharge purposes, while those filed pursuant to § 6020(b) do not."[34] In this context, I agree with the Fifth Circuit that the language is explanatory and clarifies that the carve out provided by the second sentence of the hanging paragraph is a narrow one. While I appreciate Judge

---

[29] *In re Brown/Gonzalez*, 489 B.R. at 5.

[30] *Id.*

[31] *Id.*

[32] *Perkins v. Massachusetts Dep't of Rev. (In re Perkins)*, No. 12-3030, slip op. at 1 (Bankr. D. Mass. Apr. 8, 2013).

[33] I note that in addition to returns prepared pursuant to 26 U.S.C. § 6020(a), the term "return" also includes returns prepared under similar state laws, and "a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal." 11 U.S.C. § 523(a)(*).

[34] *In re McCoy*, 666 F.3d at 931.

Hoffman's concerns regarding the absence of legislative history, the Supreme Court instructs that "where the language is unambiguous, silence in the legislative history cannot be controlling."[35]

Returning to the case at bar, because each of the Debtor's tax returns for the Periods at Issue were filed late, they each failed to satisfy Mass. Gen. Laws ch. 62C, § 6(c), one of the "applicable filing requirements" of the "applicable nonbankruptcy law," and therefore, are not "returns" within the meaning of 11 U.S.C. § 523(a).[36] Thus, for purposes of 11 U.S.C. § 523(a)(1)(B)(i), no returns were filed and the tax liabilities due for the Periods at Issue are nondischargeable.

---

[35] *Dewsnup v. Timm*, 502 U.S. 410, 419-20, 112 S. Ct. 773, 779, 116 L. Ed. 2d 903 (1992). I further note that the Fifth Circuit has suggested that "there is no indication that such a reading represents a 'major change' from pre-BAPCPA policies." *In re McCoy*, 666 F.3d at 931. Indeed, the Fifth Circuit stated:

> As the bankruptcy court in this case explained, "[u]nder § 6020(a) of the [Internal Revenue Code], the Secretary may prepare a 'substitute' return based on *information voluntarily provided by the taxpayer*. In contrast, § 6020(b) of the [Internal Revenue Code] comes into play when there *is little or no cooperation from the taxpayer*." *McCoy v. Miss. State Tax Comm'n (In re McCoy)*, No. 07–02998–EE, 2009 WL 2835258, at *7 (Bankr. S.D. Miss. Aug. 31, 2009) (emphasis added). In passing § 523(a), Congress made clear that "[i]n general, tax claims which are nondischargeable, despite a lack of priority, are those to whose staleness the debtor contributed by some wrong-doing or serious fault . . . ." S. Rep. No. 95–989 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5800. Congress, when later drafting § 523(a)(*) to differentiate between § 6020(a) and § 6020(b) returns, likely wanted to reward taxpayers who cooperated with the I.R.S. See H.R. Rep. No. 109–31 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 92 (explaining that BAPCPA was passed, in part, to address the problem of the "bankruptcy system ha[ving] loopholes and incentives that allow and—sometimes—even encourage opportunistic personal filings and abuse"). All this is consonant with the pre-BAPCPA test's emphasis "'that where a fiduciary, in good faith, makes what it deems the appropriate return, which discloses all of the data from which the tax . . . can be computed,' a proper return has been filed." *Hindenlang*, 164 F.3d at 1033 (*quoting Germantown Trust Co.*, 309 U.S. at 309, 60 S. Ct. 566). We see no "major change" from pre-BAPCPA practices by reading § 523(a)(*) to generally exclude late state tax returns from the definition of return for bankruptcy discharge purposes, while differentiating between § 6020(a) and § 6020(b) returns.

*Id.* at 931-932. Ultimately, I am unable to discern a logical alternative that gives meaning to the parenthetical phrase regardless of whether it represents a major departure from pre-BAPCPA law.

[36] 11 U.S.C. § 523(a)(*).

11

V. **CONCLUSION**

In light of the foregoing, I will enter an order granting the Motion for Summary Judgment.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: June 11, 2013


Counsel Appearing:

    Celine E. Jackson, Massachusetts Department of Revenue, Boston, MA,
        for the MDOR
    Roger Stanford, Standford & Schall, New Bedford, MA,
        for the Debtors